UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH PAUL GUARNERI,

                          Plaintiff,

    v.                                                           1:19-CV-921
                                                                         (GTS/ATB)

MELISSA GOODREAU, et al.,

                          Defendants.

JOSEPH PAUL GUARNERI, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

### I.    Introduction

Plaintiff filed this action on July 29, 2019, together with an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). On the same day, Chief United States District Judge Glenn T. Suddaby ordered administrative closure of the action because plaintiff failed to submit a properly completed IFP application. (Dkt. No. 3). In that order, Chief Judge Suddaby afforded plaintiff thirty (30) days to either pay the filing fee or submit a properly completed IFP application. On August 12, 2019, plaintiff filed a renewed motion to proceed IFP, the case was reopened, and has been sent to me for initial review. (Dkt. Nos. 4-6).

### II.    IFP Application

#### A.    Legal Standards

Where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. The court must then consider whether the causes of action stated in the complaint are, inter

alia, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B).

**B.    Application**

When Chief Judge Suddaby issued his order administratively closing this action due to Plaintiff's failure to comply with the filing fee requirements, plaintiff was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of $400.00 in full, or (2) submit a completed, signed and properly certified IFP Application and Inmate Authorization Form within thirty (30) days of the filing date of that Order. (Dkt. No. 3). When plaintiff filed his second IFP Application the application was completed and signed by plaintiff. (Dkt. No. 4 at 2). The IFP application however, is still incomplete because it has not been certified by an appropriate official at plaintiff's facility, nor have copies of Plaintiff's inmate account statements been provided. In his application, plaintiff has advised that correctional officials have refused to certify his IFP application. (*Id.*)

Plaintiff's assertions are not supported by an affidavit detailing the circumstances of plaintiff's request and the officials' refusal to comply. Instead, plaintiff stated that the officials have refused to certify his account in the past and cited *Guarneri v. Dr. Masaba*, No. 9:18-CV-1332 (MAD/DEP). In 18-CV-1332, United States District Court Judge Mae A. D'Agostino found that plaintiff's bare allegation that the officials refused to certify his account was insufficient and found that the IFP application was still incomplete, denying his request to proceed without payment of fees. (Dkt. No. 11 at 4 in 18-CV-1332). However, Judge D'Agostino also found that even if plaintiff's

2

application was certified, and he had demonstrated sufficient economic need, section 1915(g) would bar the plaintiff from proceeding IFP. (*Id.* at 4-8). For the reasons stated below, this court makes the same finding and will recommend denying plaintiff's application based on both plaintiff's failure to properly complete the application and based upon section 1915(g).

### III. Three Strikes

#### A. Legal Standard

Title 28 of the United States Code, section 1915(g), as amended, provides:

> In ***no event*** shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). The court has a responsibility to determine that a prisoner has not brought actions, on three or more occasions while incarcerated, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting plaintiff to proceed with an action in forma pauperis. *Id.*

#### B. Application

In 18-CV-1332, Judge D'Agostino found that plaintiff had accumulated three strikes. (Dkt. No. 11 at 4-5). Judge D'Agostino reviewed the plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service and concluded that, prior to the date that plaintiff brought 18-CV-1332, plaintiff was a frequent litigator in the federal courts, was well-aware of the

3

three-strikes rule, and the rule had already been enforced against him in the Northern District of New York as early as September 2, 2011. (*Id.* at 4 & n.6) (citing *Guarneri v. Wood*, No. 9:08-CV-792 (TJM/DRH), Order & Rep't-Rec. (N.D.N.Y. Sept. 2, 2011). Judge D'Agostino cited all the cases that had contributed to the three-strikes determination. (*Id.* at 4 n.6). Subsequent to the three cases cited in Judge D'Agostino's footnote, she stated that the three-strikes rule had also been enforced against plaintiff in *Guarneri v. Newman, et. al.*, No. 9:11-CV-0423 (GTS/DRH), Decision and Order (N.D.N.Y. Nov. 2, 2011) and *Guarneri v. Albany County Correctional Facility*, No. 9:12-CV-1156 (FJS/DEP), Memorandum-Decision and Order (N.D.N.Y. Oct. 10, 2012).[1] (*Id.* at 4-5).

Based on Judge D'Agostino's findings in 18-CV-1332, this court also finds that plaintiff's IFP application is subject to denial based on the three-strikes rule, and that plaintiff acquired at least three-strikes prior to first filing this action on July 29, 2019. Thus, unless it appears that the "imminent danger" exception to the three-strikes rule is applicable to this action, plaintiff may not proceed IFP.

### IV.  Imminent Danger Exception

####  A.  Legal Standards

The imminent-danger exception protects a prison inmate, who is exposed to potential danger, from the consequences of his earlier mistakes in filing frivolous litigation. The Second Circuit has held that "for a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other

---

[1] The court must point out that in his complaint, he states that he has brought no previous lawsuits. (Complaint ("Compl.") at CM/ECF p.3).

4

words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citing *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)). Additionally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297. When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.

In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99. "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

### B.    Application

Plaintiff's complaint is very difficult to understand and contains several allegations that appear to be a stream of consciousness. Plaintiff begins by stating that on an unspecified date, defendant Social Services worker, Melissa Goodreau coerced plaintiff "out of taking life threatening medication with food . . . , and plaintiff ended up with four (4) stents." (Compl. at CM/ECF p.4). Plaintiff then complains about a Fair Housing Act violation. Plaintiff also complains that he cannot call his attorney,

defendant Gaylord,[2] the Public Defenders' Office or the three District Attorney defendants, Breen, Tryon, and Mallory. (Compl. at CM/ECF p.4-5). Plaintiff makes some vague statements about being barred access to the law library, without further explanation, and then in conclusory fashion states that he is entitled to be free of environmental tobacco smoke. (Compl. at CM/ECF p.5). Plaintiff also claims that an unidentified person at the Albany County Jail lost plaintiff's wallet and gold chain. (Compl. at CM/ECF p.6). Finally, plaintiff claims that he had to wait to see the facility doctor and filed a grievance because of the delay. (Compl. at CM/ECF pp.5-6).

None of the factual allegations made by plaintiff remotely establish that he is in imminent danger of serious physical injury or that a favorable judicial outcome against most of these defendants would even relate to alleviating the danger of physical injury. Plaintiff's statements about his medical care do not indicate that he is in imminent danger, and his claim that he is being exposed to environmental tobacco smoke is conclusory at best.[3] Plaintiff's claims against counsel and against the district attorneys do not relate to physical injury at all. Thus, plaintiff has not shown that he meets the imminent danger exception to the three-strikes rule, and I will recommend denying plaintiff's IFP.[4]

---

[2] Plaintiff makes vague reference to an illegal preliminary hearing in May of 2019, and states that his attorney has the duty to see that "all other right[s] of plaintiff are protected." (Compl. at CM/ECF p.5).

[3] Plaintiff states that he filed a grievance in June of 2019 about this issue. (Compl. at CM/ECF p.5).

[4] Even if plaintiff pays the fee, the court would be recommending dismissal of most of plaintiff's claims, some with an opportunity to amend, but others without such an opportunity. The court notes that plaintiff's criminal attorney does not act under color of state law. *See Harmon v. New*

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 4) be **DENIED** based both because he has failed to properly complete his IFP application as discussed above and because plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g), and is not entitled to the "imminent danger" exception, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, the action be **DISMISSED WITHOUT PREJUDICE**, unless within **THIRTY (30) DAYS** of the date of the Court's order approving this Recommendation, plaintiff pays the court's filing fee of four hundred dollars ($400.00) in full, and it is

**RECOMMENDED**, that upon plaintiff's compliance with the District Court's order, the Clerk be directed to return the file to me for review of plaintiff's complaint in accordance with 28 U.S.C. § 1915A, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO**

---

*York County Dist. Attorney's Office*, No. 13 Civ. 1711, 2014 WL 1044310, at *9 (S.D.N.Y. March 17, 2014) (citing inter alia *Brown v. Legal Aid Soc'y*, 367 F. App'x 215, 216 (2d Cir. 2010); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). See also *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010). In addition, all three district attorneys are likely shielded by absolute prosecutorial immunity. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury). If plaintiff pays the fee, the court may review the merits of plaintiff's claims.

7

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 20, 2019

*[signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge